UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEAH JONES, *et al.*,

    Plaintiffs,

vs.

AUTO-OWNERS INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. 3:22-cv-183

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

___

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION TO REMAND (Doc. No. 24); AND (2) REMANDING THIS CASE TO THE GREENE COUNTY, OHIO COURT OF COMMON PLEAS**

___

This civil case is before the Court on the parties' joint motion to remand to state court. Doc. No. 24. Defendant Auto-Owners Insurance Company ("Auto-Owners") timely removed this case, based on diversity jurisdiction, from the Greene County, Ohio Court of Common Pleas on July 12, 2022. Doc. No. 1. At that time, Auto-Owners—a Michigan corporation—was the sole Defendant, and Plaintiffs are Ohio citizens, so this Court could exercise diversity jurisdiction over the case. *Id.* at PageID 1–2.

On December 23, 2022, Auto-Owners filed an unopposed motion for joinder, alleging that Defendant Owners Insurance Company ("Owners") was a necessary party because it issued an insurance policy that is the basis for one of Plaintiffs' claims. Doc. No. 15 at PageID 49–50. After the Court granted this unopposed motion, Plaintiffs filed an amended complaint, adding Owners as a Defendant on April 6, 2023. Doc. No. 21. Then, on May 15, 2023, the parties informed this Court that Owners's presence in this litigation destroys diversity jurisdiction because Owners's principal place of business is in Ohio, while Plaintiffs are Ohio citizens. *Id.* at PageID 81; Doc.

No. 24 at PageID 426.  Thus, the parties now consent to a joint remand to state court.  Doc. No. 24.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable."  *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 824 (N.D. Ohio 2008) (quoting *Harmon v. McCreary*, No. 07-03-DLB, 2007 WL 4163879, at *3 (E.D. Ky. Nov. 20, 2007)).  Federal district courts in the Sixth Circuit weigh several factors to determine this inquiry, *see id.* at 823, but "[t]hese factors . . . are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."  *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005).

The Court previously allowed joinder in the present case for good cause shown because the subject matter in dispute resolves around a non-diverse party, and the record contains no indication that the parties agreed to amend the complaint to destroy diversity jurisdiction.  Thus, the Court finds that it was fair and equitable to amend the complaint to add a non-diverse party.  Recognizing that the amendment to the complaint destroys diversity jurisdiction, *see* 28 U.S.C. § 1332(a), the Court: (1) **GRANTS** the parties' joint motion to remand (Doc. No. 24); and (2) **REMANDS** this case to the Greene County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

  May 16, 2023                                  s/Michael J. Newman  
                                                        Hon. Michael J. Newman  
                                                        United States District Judge